POCAHONTAS GUANO COMPANY v. W. B. BRYANT AND T. B. ALLEN.

(Filed 29 September, 1920.)

**Contracts, Written—Parol Evidence—Vendor and Purchaser—Damages—Counterclaim—Principal and Agent.**

> The defendant sold fertilizer as plaintiff's agent under a written contract containing the statement that no conflicting verbal promise would be recognized, and that no agreement would be valid and binding unless countersigned by an officer of the plaintiff corporation. The action is to recover upon notes given for the sale of the fertilizer: *Held,* there

was no sufficient evidence to sustain defendant's counterclaim for damages for failure of plaintiff to ship a carload of fertilizer for his own use subsequently ordered, which the plaintiff promptly declined, and which the plaintiff's agent had said that he would see that the defendant would get it.

APPEAL by plaintiff from *Devin, J.,* at July Term, 1920, of LEE.

The plaintiff sued to recover the balance due on a note dated 28 June, 1917, which was given in renewal for three notes previously executed by the defendant for fertilizer consigned to him for sale as agent during the spring of 1916. The account fell due that fall when Bryant executed said three notes in settlement. He testified that he had sent these three notes in a letter claiming that they were sent without prejudice to his right to recover damages for an alleged breach of a verbal contract made with him by a salesman of the plaintiff to ship him another carload of fertilizer for his own use, by reason of the failure to do so he had sustained damages to his crop.

After demand had been made for the payment of the three notes given to the plaintiff the defendant asked for further indulgence, and gave a single note of $896.02 on 28 June, 1917, for the entire amount with his brother-in-law, the defendant Allen, as surety. At the execution of this note Bryant made no claim of any sum due him by the plaintiff. Thereafter he made other payments in 1917 and 1918, reducing the balance due on the note to $330, but made no complaint or demand on the plaintiff for any alleged damages for failure to ship the additional carload of guano until this action was brought, when the defendant Bryant set up a counterclaim for $1,000 damages. Verdict for the defendant on the counterclaim, and from judgment for the balance in favor of the defendant, the plaintiff appealed.

*Seawell & Milliken and R. H. Dixon for plaintiff.*
*Hoyle & Hoyle and Williams & Williams for defendants.*

CLARK, C. J. There was no evidence sufficient to go to the jury in support of the counterclaim set up by the defendant. The contract between the plaintiff and the defendant was in writing, and a copy retained by the defendant, was for shipment to him of fertilizers to be sold as agent. The note sued on by plaintiff was for balance due on that transaction, as to which there was no controversy. That contract contained the clause, "No verbal promises that conflict with the terms of this contract will be recognized by this company," with a further provision that any agreement would not be binding on the company until countersigned by an officer of the company.

7—180

GUANO CO. *v.* BRYANT.

Subsequently, the defendant ordered another carload of fertilizer, which he testified was for his own use. He testified that he wrote the company several letters, to which they replied that they could not ship him at that time; that then they sent one of their agents to see him, who suggested that he order the fertilizer from another company in Wilmington, who declined to ship him; that he then told the agent that he had 30 or 40 bags of fertilizer which he had received as agent still on hand, and he claimed that the agent told him to sell it and he "would see that he got another carload." On the other hand, he put in evidence telegram and letter from the plaintiff, and said agent, acknowledging the receipt of his telegram and letter, but stating that owing to prior orders the company was unable to accept the defendant's order for another carload. It was simply a case where the defendant ordered a carload of fertilizer, which order the plaintiff company declined to accept and fill.

There was no evidence that it was in the scope of the agency of the company's representative to bind it to ship the fourth carload. When he reported the order to the company, both the company and the agent promptly notified the defendant that the company could not accept and fill the order. This notification was prompt and was received by him in April, and he was not misled by any reliance upon his order being filled. He had no right to rely upon the unauthorized statement of the agent, if made, that if the defendant sold the 30 or 40 bags which he had on hand for sale as agent, he "would see that a carload was shipped to the defendant for his own use." The defendant had in hand the contract, which showed that no agreement was binding until countersigned by an officer of the company, and both the company and the agent promptly notified the defendant by letter and by wire that owing to the scarcity of fertilizer, and prior orders, his order could not be accepted.

It was error to refuse the plaintiff's motion to nonsuit the defendants at the conclusion of all the evidence. The judgment below will be corrected by letting the judgment stand in favor of the plaintiff for the amount due upon the note sued on by plaintiff, as to which there is no controversy, and by striking out the recovery upon the counterclaim. To that end the cause is remanded.

Error.